UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-07-1200 |
| 51st JUDICIAL DISTRICT, ET AL., | : | (Judge McClure) |
| Defendants | : | |

**MEMORANDUM**

July 17, 2007

**Background**

    Jay A. Wivell ("Plaintiff"), an inmate presently confined at the Adams County Correctional Facility, Gettysburg, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint is accompanied by an *in forma pauperis* application. For the reasons set forth below, Wivell's action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

    Named as Defendants are the 51ST Judicial District of Pennsylvania; Adams County, Pennsylvania; the Honorable John Kuhn and the Honorable Michael A. George of the Adams County Court of Common Pleas; the Pennsylvania State

Police; the Adams County District Attorney's Office; the Adams County Adult Probation Office; the Adams County Correctional Facility; the Liberty Township, Pennsylvania Police Department and its Chief James Holler; and Plaintiff's wife, Michele Wivell.[1]

The Complaint first alleges that the Defendants deprived Wivell of his constitutional rights via the initiation of falsified criminal charges that he was criminally trespassing on his own land. See Record document no. 1, p. 3. Plaintiff indicates that he has been in prison for three (3) years for three (3) misdemeanors. He generally asserts that he has "been abused, illegally detained and sentenced," "illegally prosecuted," and "unreasonably punished." Id. He adds that a court ordered mental evaluation to see if he was competent to stand trial was never performed. As relief, Plaintiff seeks an award of monetary damages.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the

---

[1] The current status of Plaintiff's marriage is unclear.

>court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is initially noted that judges are absolutely immune from suit for damages

---

[2] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

for conduct performed in the course of their official duties.  Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power).  Consequently, since the claims against Judges George and Kuhn are based on actions taken by those Defendants in the exercise of their official duties, i.e., determinations made during the Plaintiff's civil and criminal proceedings in the Adams County Court of Common Pleas, Judges George and Kuhn are entitled to absolute immunity from monetary damages.

Second, a  prosecuting attorney is absolutely immune from liability for monetary damages in civil rights actions for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process.  Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996).  However, only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties.  See Hawk v. Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984).  Plaintiff's instant claims against the Adams County District Attorney's Office appear to be  "intimately associated with the judicial phase of the criminal process," see Imbler, 424 U.S. at 430 and,

therefore, the District Attorney's office is also absolutely immune from damages.

Next, it is noted that witnesses are generally entitled to absolute immunity from civil rights claims for damages based upon their testimony. See Clark v. Vernon, 2007 WL 1034802 *2, n. 3 (3d Cir. April 5, 2007).  Thus, Plaintiff's Complaint to the extent that it is asserting that his wife gave false testimony against him is additionally insufficient for purposes of recovering monetary damages under § 1983.   There is also no indication that Defendant Wivell was acting under color of state law, which is an essential element in pleading a § 1983 claim.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore,  in order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.  D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The Court of Appeals for the Third Circuit has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations."  Rose, 871 F.2d at 366.  Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."  Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

5

The essence of a conspiracy is an agreement or concerted action between individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545.  Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right.  Id.; Rose, 871 F.2d at 366; Young v. Kann, 926 F.2d 1396 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982).  Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity.  Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff cannot rely on subjective suspicions and unsupported speculation.  Young, 926 F.2d at 1405 n.16 (3d Cir. 1991).

Based upon an application of the above standards to Inmate Wivell's present Complaint, his vague, wholly unsupported allegations of a conspiracy between the Defendants to subject him to illegal criminal prosecutions do not satisfy the pleading requirements of Rose, Deck, and Young.  Specifically, there are simply no averments of fact in the complaint that reasonably suggest the presence of an agreement or concerted activity between any of the Defendants to violate Plaintiff's civil rights.  It is apparent that Plaintiff's assertion that his wife conspired with law enforcement officials, parole officers, prison staff, the District Attorney's office, and two Adams County Judges to deprive him of his

constitutional rights is nothing more than mere speculation.

Finally, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  Based on the allegations raised by Wivell, a finding in his favor would imply the invalidity of his Adams County criminal prosecution[s].  See  Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2  (D.N.J.  Aug. 16, 2005).

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.

    s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-07-1200 |
| 51st JUDICIAL DISTRICT, ET AL., | : | (Judge McClure) |
| Defendants | : | |

## **ORDER**

July 17, 2007

In accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

    1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

    2. The Clerk of Court is directed to close the case.[3]

---

[3] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued is binding on the Warden of the Adams County Prison, as well as the superintendent of any correctional facility to which Plaintiff is transferred.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge
